JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AYDIN KOCATASKIN, as guardian for minor son, B.K., and his minor son, B.K., <br><br>Plaintiff, <br><br>v. <br><br>SANTA MONICA-MALIBU UNIFIED SCHOOL DISTRICT; COLEEN DAVENPORT, an individual; ANTONIO SHELTON, an individual; JON KEAN, an individual; and DOES 1-10, inclusive, <br><br>Defendants. | Case No. 2:24-cv-10204-SPG-MAA <br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [ECF NO. 7]** |

Before the Court is the Motion to Dismiss (ECF No. 7-1 ("Motion")) filed by Defendants Santa Monica-Malibu Unified School District (the "District"), Coleen Davenport, Antonio Shelton, and Jon Kean (collectively, "Defendants"). The Court has read and considered the Motion and concluded that it is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion. Because the Court dismisses Plaintiff's sole federal law claims, the Court further ORDERS

that this case be remanded to Los Angeles County Superior Court for adjudication of Plaintiff's remaining state law claims.

## I. BACKGROUND

### A. Factual Background

The Complaint makes the following factual allegations. *See* (ECF No. 1-1 ("Complaint")). B.K., the minor son of Plaintiff Aydin Kocataskin ("Plaintiff"), is a high school student within the Defendant school district and is a profoundly gifted swimmer. (*Id.* ¶¶ 13, 20). While in middle school, B.K. swam competitively with the Team Santa Monica Aquatics Club and was permitted to participate in Independent Study Physical Education ("ISPE") in lieu of physical education classes. (*Id.* ¶¶ 19, 23). Plaintiff expected that B.K. would be able to continue enrolling in ISPE in high school. (*Id.* ¶ 24). However, in February 2023, in response to Plaintiff's queries, Defendant Davenport informed Plaintiff that "ISPE is not meant for any sport that we offer on campus—like swimming." (*Id.* ¶ 37). On May 6, 2023, the District formally denied Plaintiff's ISPE request on the grounds that "Santa Monica High School offers that activity on campus." (*Id.* ¶ 43). Plaintiff appealed, and Defendants reaffirmed the denial, stating that "ISPE semesters have not been granted this year to any student for a sport that is offered by the school unless there were individual academic conflicts with the student schedule." (*Id.* ¶¶ 46-47).

Plaintiff alleges that two other swimmers were approved for ISPE the same year B.K. applied. (*Id.* ¶ 38). Plaintiff also alleges that, at some point in time, "four Swimmers of White/Caucasian [descent] were granted the ISPE." (*Id.* ¶ 60). Three of these students were female, and all were "Christian/Catholic." (*Id.* ¶¶ 61, 64). Each of these students also "had a parent working with and for the Defendant District." (*Id.* ¶ 63). The District also granted ISPE to more than twenty surfers and provided "favored treatment" for water polo players. (*Id.* ¶¶ 13f, 65). Plaintiff alleges that the District denied ISPE for other students of "non-White/non-Caucasian ethnic backgrounds, such as Latin-American, Egyptian-American, [and] Australian-American," and that the "[m]ajority of the swimmers

who were denied ISPE for swimming were non-White/non-Caucasian, and came from immigrant families." (*Id.* ¶ 62). B.K. is Muslim and of Turkish descent. (*Id.* ¶¶ 60, 64).

### B. Procedural History

Plaintiff filed the instant action in Los Angeles County Superior Court on July 15, 2024, alleging the following claims: (1) violation of equal protection under the California Constitution and 42 U.S.C. § 1983; (2) violation of the right to education under the California Constitution; (3) violation of California Education Code § 51210; (4) violation of the California Civil Rights Act; (5) intentional infliction of emotional distress; (6) negligence; (7) negligent misrepresentation; (8) promissory estoppel; (9) breach of fiduciary duty; (10) violation of the First Amendment of the U.S. Constitution; (11) hostile educational environment; and (12) violation of Title VI of the Civil Rights Act. *See* (*id.* at 12-36). On November 25, 2024, Defendants removed the case to this Court, citing federal question jurisdiction. (ECF No. 1). Defendants then filed the instant Motion on December 2, 2024. (Mot.). Plaintiff has not opposed the Motion.

## II. LEGAL STANDARD

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). "Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). To survive a 12(b)(6) motion, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for

more than a sheer possibility that a defendant has acted unlawfully." *Id.* (internal quotation marks and citation omitted).

When ruling on a Rule 12(b)(6) motion, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is "not required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice," nor must it accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Seven Arts Filmed Ent., Ltd. v. Content Media Corp. PLC*, 733 F.3d 1251, 1254 (9th Cir. 2013) (internal quotation marks and citation omitted).

## III.  DISCUSSION

### A.  Claim Preclusion

Defendants' primary argument in favor of dismissal is that Plaintiff's federal law claims are barred under the doctrine of claim preclusion. (Mot. at 12). Plaintiff's complaint raises federal law claims under 42 U.S.C. § 1983,[1] Title VI, and the First Amendment. Defendants argue that the Court previously dismissed each of these claims on the merits in a prior case involving the same parties and the same underlying dispute.

As Defendants point out, Plaintiff previously sued Defendants in this Court on June 24, 2023, at Docket No. 2:23-cv-05032-SPG-MAA (the "2023 Case"). *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (noting that courts "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts" (citations omitted)). The 2023 Case included both Plaintiff and B.K. as named plaintiffs, and named all Defendants in this case as defendants, in addition to the Santa

---

[1] The Complaint contains contradictory statements on this Count. The heading for Count One lists 42 U.S.C. § 1983 as one of the bases for the claim, and the Complaint discusses § 1983 and requests "attorneys' fees in accordance with 42 U.S.C. § 1988." (Compl. ¶¶ 57, 74). However, elsewhere, the Complaint states that "this Cause of Action is propounded exclusively under the provisions of the California Constitution and applicable state statutes, excluding any recourse to a Federal § 1983 Claim." (*Id.* ¶ 74).

Monica-Malibu School Board. In the 2023 Case, the Court granted motions to dismiss on three occasions, ultimately dismissing the plaintiffs' federal law claims with prejudice on March 13, 2024. *See* (2023 Case ECF Nos. 20 ("August 2023 Dismissal Order"), 43 ("December 2023 Dismissal Order"), and 53 ("Final Dismissal Order")). *See also B.K. by and through Kocataskin v. Santa Monica-Malibu Unified Sch. Dist.*, No. 2:23-cv-05032-SPG-MAA, 2024 WL 1281327 (C.D. Cal. Mar. 13, 2024) (Garnett, J.). The plaintiffs in the 2023 Case subsequently filed an appeal with the Ninth Circuit, which is currently pending.

The doctrine of claim preclusion applies where an earlier suit "(1) involved the same claim or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (internal quotation marks and citation omitted). In assessing whether successive lawsuits constitute the "same cause of action," courts look to four factors:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two actions involve infringement of the same right; and (4) whether the two actions arise out of the same transactional nucleus of facts.

*Littlejohn v. United States*, 321 F.3d 915, 920 (9th Cir. 2003) (citation omitted).

Applying this test, the Court agrees that Plaintiff's federal law claims are barred by claim preclusion. First, all the parties in the instant action were also parties to the 2023 Case. Second, the Court reached a final judgment on the merits in the 2023 Case, dismissing all of Plaintiff's federal law claims without leave to amend. (Final Dismissal Order at 14). *See also Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1439 (9th Cir. 1985) (noting that under federal law, "the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of res judicata"). Finally, the instant action and the 2023 Case both involve the same claim or cause of action. Just like the claims

here, the 2023 Case was based on Defendants' allegedly discriminatory denial of Plaintiff's ISPE application and therefore arose out of "the same transactional nucleus of fact." *Littlejohn*, 321 F.3d at 920 (citation omitted). *See* (Final Dismissal Order at 2-3). Furthermore, all the specific claims raised in the instant action were previously raised in the 2023 Case in either the First (2023 Case ECF No. 21 ("FAC")) or Second Amended Complaint (2023 Case ECF No. 44 ("SAC")). In the FAC, Plaintiff alleged federal law violations of equal protection, procedural due process, Title VI, Title IX, and the First Amendment. *See* (FAC). In the SAC, Plaintiff asserted federal claims under 42 U.S.C. § 1983, equal protection, procedural due process, and the First Amendment. *See* (SAC). In the instant action, Plaintiff seeks relief for federal law violations of 42 U.S.C. § 1983, Title VI, and the First Amendment. Each of these claims were previously dismissed on the merits in the 2023 Case. *See* (August 2023 Dismissal Order; December 2023 Dismissal Order; Final Dismissal Order). Indeed, the First Amendment and § 1983 claims in the Complaint are nearly word-for-word identical to those raised in the SAC in the 2023 Case. *Compare* (Compl. ¶¶ 53-76, 202-223) *with* (SAC ¶¶ 60-86, 213-34). And while the Title VI claim here is somewhat altered from that included in the FAC, it still alleges "infringement of the same right" and would involve "substantially the same evidence" as the prior Title VI claim. *Littlejohn*, 321 F.3d at 920 (citation omitted). Because the Complaint raises the same substantive claims based on the same set of underlying facts, the instant case involves "the same claim or cause of action" as the 2023 Case. *Mpoyo*, 430 F.3d at 987 (citation omitted).

Accordingly, the elements of claim preclusion are met, and Plaintiff's federal law claims in Counts One,[2] Ten, and Twelve are barred. The Court therefore DISMISSES the federal law claims asserted in these counts, without leave to amend. *See Huggins v. Hynes*,

---

[2] The Court's dismissal of this Count applies only to the federal law claims asserted therein. To the extent that Plaintiff did not intend to assert federal law claims in Count One, he may raise his state constitutional claim on remand.

117 F. App'x 517, 518 (9th Cir. 2004) (concluding dismissal without leave to amend was appropriate where the "proposed amendment was futile due to res judicata").

### B. Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state law claims where the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). *See also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). Because the Court finds dismissal of Plaintiff's federal law claims appropriate, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. Further, because this case was originally brought in state court, the Court ORDERS that the case be remanded to the Los Angeles County Superior Court for adjudication of Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' Motion to Dismiss. Plaintiff's federal claims in Counts One, Ten, and Twelve are dismissed without leave to amend. The Court further ORDERS that this case be remanded to Los Angeles County Superior Court for adjudication of Plaintiff's remaining state law claims. This case is closed.

**IT IS SO ORDERED.**

DATED: February 21, 2025

UNITED STATES DISTRICT JUDGE